UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESUS OCTAVIO ARREOLA-BELTRAN,<br><br>    Defendant. | Case No. 1:11-cr-00096-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Objection to a sentencing enhancement for obstruction of justice. The Court ordered the preparation of Presentence Investigation Report (PSR) after Defendant was found guilty of conspiracy and possession with intent to distribute methamphetamine. The Defendant was interviewed as part of preparing the PSR. Against the advice of counsel, Defendant told a story that was directly at odds with the jury's finding of guilt.

The PSR ultimately included an enhancement for obstruction of justice, but the enhancement was based on alleged threats that Defendant made to a co-conspirator. The government did not request a sentencing enhancement based on Defendant's interview

conduct. At Defendant's sentencing hearing, the Court *sua sponte* raised the issue of whether Defendant obstructed justice by lying to the probation officer while the PSR was being prepared. The sentencing was continued to permit the parties to respond on the issue.

Also at the sentencing hearing, counsel raised a concern about the reliability of co-conspirator testimony concerning threats Defendant made against him – the other basis for a departure based on obstruction. The Court now addresses whether Defendant's statements in his pre-sentence interview amounted to obstruction, and the reliability of the co-conspirator's testimony, for purposes of Defendant's sentencing.

## DISCUSSION

The general rule that a defendant must be provided adequate prior notice of the basis of any sentencing departure, Fed. R. Crim. P. 32(h), ensures that all issues are subject to "full adversary testing" and all concerns are "fully aired." *U.S. v. Cruz-Perez*, 567 F.3d 1142, 1147 (9th Cir. 2009). A district court is required "to give notice of its intent to depart . . . when the PSR and the parties' prehearing submissions fail to identify the ground for departure." *U.S. v. Hahn*, 557 F.3d 1099, 1102 (9th Cir. 2009). The Court assumes, without deciding, that a similar requirement applies to the application of a sentencing enhancement which has been recommended in the PSR, but on grounds other than those identified by the pre-sentence investigator. In any event, the Court provided such notice here, and the parties submitted briefing on the issue.

For an enhancement under § 3C1.1, the United States bears the burden of demonstrating, by a preponderance of the evidence, that the defendant has obstructed justice. *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005). An enhancement is appropriate when a defendant provides materially false information to a probation officer. U.S. Sentencing Guidelines Manual § 3C1.1, cmt. n.4(H) (2011). While "denial of guilt" or providing "incomplete or misleading information" may not rise to the level of material falsehood, a departure for obstruction would apply when a false statement "would tend to influence or affect the issue under determination." *Id*. cmt. n.2, 5(C), and 6.

Following trial, the probation officer interviewed Defendant to prepare the PSR. During this interview, Defendant demanded, against the advice of counsel, to discuss the charges. He claimed that he knew nothing about the drugs, and that he had no part in the conspiracy – and certainly no role as a leader. However, the jury had found, beyond a reasonable doubt, that Defendant was guilty of conspiracy and possession of the drugs.

Defendant's statements to the probation officer, if believed, had the potential to impact the probation officer's recommendation, and ultimately the Court's decision, as to the appropriateness of a departure for role in the offense under § 3B1.1(c). The Defendant is entitled to stand silent and is not required to acknowledge his guilt. However, he is not permitted to pursue favorable guidelines determinations by making false statements to the probation officer which are inconsistent with the jury's verdict. Here, the Defendant not only denied knowledge of the drugs but continued to contrive a

set of facts in which he bore no responsibility for the drugs, but was simply a pawn for his co-conspirators. Defendant's statements were a willful attempt to mislead the probation officer preparing the PSR. Thus, Defendant's statements are properly seen as "imped[ing], or attempt[ing] to obstruct or impede, the administration of justice." U.S. Sentencing Guidelines Manual § 3C1.1.

As to the second issue, Defendant claims that testimony by a co-conspirator regarding threats allegedly made by Defendant were insufficiently reliable. At oral argument, counsel relied on *U.S. v. McGowan, – F.3d –, 2012 WL 233257 (9th Cir. 2012)*. In that case, the Ninth Circuit held that, to meet its burden, evidence supplied by the United States must have minimum indicia of reliability, as measured by "the procedural mechanisms traditionally used to test witness testimony." *Id*. at 5; *U.S. v. Hanna, 49 F.3d 572 (9th Cir. 1995)*. These procedural mechanisms include cross examination, testimony given under oath, ability to evaluate demeanor and credibility, and corroboration by other facts. *Id.* Courts must be particularly wary of the statements of an informant or co-defendant who have "everything to gain and nothing to lose." *Id.*; *Hanna, 49 F.3d at 578*.

Here, the co-conspirator testimony at issue was given under oath at the sentencing hearing. Defense counsel had the opportunity to fully cross-examine the witness. Also, defense counsel provided alternative witnesses. The Court was able to assess the credibility and demeanor of the witnesses. In sum, the Court was able to gauge the reliability of the testimony at issue through the traditional procedural mechanisms

described in *McGowan*. The evidence here satisfies the minimal indicia of reliability required by the Ninth Circuit. Thus, the Court finds that a departure under [Section 3C1.1](#) is also appropriate because of the threats Defendant made to a co-defendant.

## ORDER

**IT IS ORDERED THAT** Defendant's Objection to the sentencing enhancement is **DENIED**.

DATED: April 10, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court